**No. 50883.**—Protests 32587–K, etc., of Abercrombie & Fitch Co. et al. (New York).

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50884.**—Protests 120906–K, etc., of Canada Dry Ginger Ale, Inc., et al. (New York).

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, FEBRUARY 13, 1946

**No. 50885.**—Protest 97909–K of S. Godfrey Co., Inc. (Boston).

Opinion by COLE, J.   It was stipulated that certain items of the merchandise are the same in all material respects as those passed upon in Abstract 50611, which held discarded paper-mill felts, unfit for further use in the manufacture of paper and having no commercial value except for the recovery of their component wool fibers by processing to a fibrous condition known as wool shoddy, to be classifiable as wool rags.   In accordance therewith the claim at 9 cents per pound under paragraph 1105, as amended, was sustained.

**No. 50886.**—Protests 99575–K, etc., of P. Silverman & Son (Portland, Maine).

Opinion by COLE, J.   It was stipulated that certain items of the merchandise are the same in all material respects as those passed upon in Abstract 50611, which held discarded paper-mill felts, unfit for further use in the manufacture of paper and having no commercial value except for the recovery of their component wool fibers by processing to a fibrous condition known as wool shoddy, to be classifiable as wool rags.   In accordance therewith the claim at 9 cents per pound under paragraph 1105, as amended, was sustained.

**No. 50887.**—Protests 110236–K, etc., of Hooker Electrochemical Co.   (Seattle).

MOLLISON, Judge: This case comes before us on a motion made by counsel for the defendant to dismiss the plaintiff's protests on either of two grounds: (1) That the question presented is moot, or (2) that the merchandise involved was not "imported into the United States" within the meaning of those words as used in the Icelandic Trade Agreement (T. D. 50956) under which plaintiff claims.

The merchandise in question consisted of herring oil which came to the United States by tank cars from Canada and was entered without deposit of duty for manufacture in a bonded warehouse, class six, pursuant to the provisions of section 311 of the Tariff Act of 1930 on October 22 (entry W. H. 168–A), and November